PER CURIAM.
The question for determination is whether silver household flatware is an “article containing ... silver” as the term is used in a Homeowner’s Insurance Policy clause to limit recovery in the event of loss.
The applicable clause in its entirety provides:
Metropolitan’s liability shall be subject to the following limits per occurrence:
% :fs * sf* * sfc
4. $1,000 in the aggregate for loss by theft of articles of jewelry, watches, necklaces, bracelets, gems, articles containing gold, silver, or platinum, furs, articles containing fur which represents its principal value, and cameras, and camera equipment, but not exceeding $500 for any one such article.
The trial court correctly construed the policy provision as applicable to silverware. *29 Appellant contends the court’s interpretation is “stifling” and ignores the parties’s intent.
The principal value of silver household flatware derives from its intrinsic quality as precious metal, unlike the television set (appellant’s example), principal value of which derives from its function; a television set would not come within the loss-limit provision of the policy even though its components may contain small quantities of silver. Cf. Norman C. Jensen, Inc. v. United States, 490 F.Supp. 497 (Cust.1980) (for tax purposes “stamps” which consisted of 23 karat gold strips which were not issued by any governmental authority properly classified as “articles of gold”).
Affirmed.